## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TREY LEE SCHULZ,**

**Plaintiff,**

v.                                    **CASE NO. 21-CV-3159-SAC**

**TRAVIS NICHOLSON, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Trey Lee Schulz is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (ECF No. 4.)  Plaintiff is housed at the Sedgwick County Jail in Wichita, Kansas ("SCJ").  Plaintiff alleges that he has received inadequate medical care in violation of his constitutional rights.  He recounts the following events:

June 9, 2021 - Plaintiff states that he entered a sick call request for chest pains, shortness of breath, aches, pains, and confusion.

June 11, 2021 - The pod deputy sent Plaintiff to the clinic for chest pains, shortness of breath, and dizziness.  Gabrielle Gonzales, LPN, checked Plaintiff's blood pressure, found it was "high", and gave him Propanol.

June 12, 2021 - Plaintiff woke up in a panic and could barely breathe.  He was sent to the clinic and given Tylenol and ibuprofen to help him sleep.  Later that day, he was called back to the clinic for a blood pressure check.  His blood pressure was 150/73.

June 13, 2021 - Plaintiff was again called to the clinic for a blood pressure check (160/90).  Nothing was done.  Later that evening, Plaintiff again experienced chest pains, shortness of breath, and dizziness and complained to the pod deputy three times.  Each time, the deputy called the clinic but did not get an answer.  He told Plaintiff to consult with clinic staff doing the medication pass.  Plaintiff did so and was told the clinic had nurses but no provider on duty at that time.

June 15, 2021 - Plaintiff was called to the clinic for a blood pressure check (162/100).  Nothing was done.  Plaintiff returned to the pod and began experiencing chest pains, confusion, and shortness of breath.  The pod deputy called the clinic and was told Plaintiff should put in a sick call.

June 16, 2021 - Plaintiff reported chest pains to the pod deputy.  The deputy called the clinic and obtained an appointment for Plaintiff later that day.  However, Plaintiff was not seen by clinic staff that day.

June 17, 2021 - Plaintiff was sent to the clinic for a sick call.  He was seen by Chelsea Lowery.  She checked his lab report from the previous month and said it looked fine.

June 19, 2021 - Plaintiff was sent back to the clinic for chest pains.  He saw William Wondra, Physician's Assistant.  Apparently Wondra performed an EKG on Plaintiff and said the EKG and bloodwork were fine.  He told Plaintiff they would monitor his blood pressure for the next five weeks.

June 23, 2021 - Plaintiff again complained of chest pains and was sent to the clinic. Plaintiff was seen by Stefania Bunnel, LPN.  She said his vital signs were normal and gave him a copy of his lab report.

July 2, 2021 - Plaintiff again complained of chest pains and was sent to the clinic.  Staff checked his blood pressure (180/100) and performed an EKG, which was normal.  Plaintiff asked for something to lower his blood pressure, and staff said she would request a chart review by Travis Nickelson and there was nothing else she could do.

July 4, 2021 - Plaintiff again complained of chest pains to the pod deputy.  The deputy said the clinic "refused service."

Plaintiff names as defendants Travis Nickelson, Chronic Care Provider at the SCJ; William Wondra, Physician's Assistant; Denise (LNU), Director of Nursing for Wellpath; Eddy (LNU), LPN for Wellpath; John Smith, Deputy at the SCJ; Stefania Bunnel, LPN for Wellpath; Gabrielle Gonzales, LPN for Wellpath; Wellpath; four more unknown nurses with Wellpath; and one more unknown deputy.  Plaintiff seeks a declaration that the defendants have acted in violation of the Constitution and $100,000 for expenses, irreparable harm, and pain and suffering.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

As an apparent pretrial detainee, Plaintiff is "entitled to the degree of protection against denial of medical attention which applies to convicted inmates." *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985). This right is secured by the Fourteenth Amendment, which "prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020). The two-part standard used under the Eighth Amendment applies to a pretrial detainee's claim of inadequate medical care. *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1028 (10th Cir. 2020). Under this standard, the reviewing court considers both an objective and a subjective component. "The objective component is met if the deprivation is 'sufficiently serious.' ... The subjective component is met if a prison official 'knows

of and disregards an excessive risk to inmate health or safety.'" *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)).

Here, Plaintiff has not met either the objective or the subjective component of the standard. In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)). Plaintiff does not state that he has been diagnosed by a physician with a serious condition mandating treatment. Nor is his described condition so obvious that even a lay person would easily realize that he needed treatment beyond that which he received.

However, even if Plaintiff met the objective component, his allegations do not demonstrate deliberate indifference on the part of Defendants to that condition. Plaintiff acknowledges that he was repeatedly sent to the medical clinic by pod deputies and was repeatedly seen and monitored by medical staff over approximately a four-week period. The medical staff told Plaintiff the plan was to monitor his blood pressure for five weeks. Plaintiff's complaint seems to be that he should have been prescribed a medication or received further testing. While Plaintiff is entitled to adequate medical care, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish

a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984) (A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.).  The prisoner's right is to medical care - not to the type or scope of medical care he personally desires.  A difference of opinion between a physician and a patient or even between two medical providers does not give rise to a constitutional right or sustain a claim under § 1983.  *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Plaintiff has not shown that Defendants knew of and disregarded an excessive risk to his health and safety.  Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim.

In addition, Wellpath is subject to dismissal from this action.  A corporation acting under color of state law can be held liable under § 1983 only for unconstitutional policies and practices.  It cannot be held liable under the doctrine of respondeat superior for the individual actions of its employees. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (state prison medical department not a "person" under § 1983); *Green v. Rubenstein*, 644 F. Supp. 2d 723, 738 (S.D. W.Va. 2009); *Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007).  As Plaintiff has made no allegations about Wellpath's policies and procedures, the corporation is subject to dismissal.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED THAT** that Plaintiff is granted until **December 1, 2021,** in which to show good cause, in writing, why the Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated November 1, 2021, in Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow
U.S. Senior District Judge