IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TREY LEE SCHULZ,

                    **Plaintiff,**

          v.                                    CASE NO. 21-3159-SAC

TRAVIS NICHOLSON, et al.,

                    **Defendants.**


## MEMORANDUM AND ORDER

This matter is a pro se civil rights action filed by Plaintiff Trey Lee Shulz, stemming from events that occurred during his incarceration in the Sedgwick County Jail in Wichita, Kansas. Plaintiff alleges that he received inadequate medical care in violation of his constitutional rights. Plaintiff filed the operative Complaint on October 21, 2021. (ECF No. 13.)

After screening the Complaint, the Court issued a memorandum and order to show cause (MOSC) dated November 1, 2021. (ECF No. 14.) The Court explained that *Erickson v. Pardus*, 551 U.S. 89 (2007), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), require Plaintiff to set out factual allegations sufficient to raise his right to relief above the speculative level. The MOSC also explained that to survive the initial screening, the Complaint

1

must allege facts that plausibly satisfy both prongs of the applicable test for unconstitutionally inadequate medical care.

The first component of the test is objective and requires Plaintiff to allege facts that plausibly show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104, 105 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second component is subjective and requires Plaintiff to allege facts that plausibly support the conclusion that the defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. *Sealock v. Colorado*, 219 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Farmer*, 511 U.S. at 834, 837.

Review of the Complaint led the Court to conclude that Plaintiff had met neither the objective nor the subjective component of the standard. Accordingly, the MOSC directed Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. Plaintiff filed his Response on November 29, 2021. (ECF. No. 15.)

The Court has carefully reviewed the Response, in which Plaintiff argues first that chest pain and shortness of breath constitute a sufficiently serious medical need to satisfy the objective component of the test. In support, he cites *Mata v. Saiz*, 427 F.3d 745, 754 (10th Cir. 2005), in which a majority of the panel of the Tenth Circuit held that "severe chest pain, a symptom

2

consistent with a heart attack, is a serious medical condition under the objective prong of the Eighth Amendment's deliberate indifference standard." As Plaintiff notes, his Complaint alleges ongoing complaints of chest pain and shortness of breath.

Even if Plaintiff has satisfied the objective component of the standard, however, he has not pled sufficient facts to support the conclusion that he has also satisfied the subjective component. In the Response, Plaintiff asserts that even a brief delay in treatment that causes unnecessary pain or a worsening of his condition satisfies the subjective component. The case Plaintiff cites, however, is materially distinguishable from the factual allegations Plaintiff has made. In *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000), as Plaintiff points out, the Tenth Circuit recognized that failure to treat a serious medical condition properly can constitute deliberate indifference. "The second type of deliberate indifference occurs when prison officials prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment." *Id.*

But although Plaintiff has alleged continuing chest pain, shortness of breath, and confusion, he has not alleged facts that would support the conclusion that these symptoms were prolonged by a failure to treat or a denial of access to treatment or medical personnel. In contrast, in *Sealock* "there [was] evidence that [a

defendant] was informed that [the inmate] might be having a heart attack" but he "refused to drive [the inmate] to the hospital, and told [the inmate] not to die on his shift." *Id.* at 1210. The Tenth Circuit held that this evidence precluded summary judgment in favor of the defendant because it "met the subjective element of the deliberate indifference test." *Id.* at 1210-11. The allegations in Plaintiff's Complaint to not rise to the level of the facts in *Sealock*.

Similarly, in *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999), which Plaintiff also cites, the inmate plaintiff alleged that he was denied insulin for "over a year," "that certain medically-recommended procedures were not performed," and "that special diets prescribed for him were not provided," among other things. The inmate also alleged that the inadequate treatment he received caused a later heart attack and caused him to need bypass surgery. *Id.* In the present case, in contrast, Plaintiff alleges that he suffered recurring or continuing chest pain, shortness of breath, dizziness, and other symptoms, but he has not alleged any facts that demonstrate the treatment he received was inadequate, other than his continuing symptoms. The Complaint does not contain sufficient allegations to support the conclusion that a lack of or delay in providing medical treatment "caused either unnecessary pain or a worsening of [his] condition." *See Mata*, 427 F.3d at 755.

4

Finally, even considering the Response and Plaintiff's clarification therein that Wondra did not check his vitals or perform an EKG during the June 19, 2021 visit, Plaintiff has not alleged facts that plausibly support the conclusion that any Defendant knew of and disregarded an excessive risk to Plaintiff's health. *See Sealock*, 218 F.3d at 1209. As noted in the MOSC, Plaintiff acknowledges that he was repeatedly sent to the medical clinic by pod deputies and was repeatedly seen and monitored by medical staff. Although Plaintiff may believe that he should have received additional or alternative evaluation or treatment, a difference of opinion regarding diagnosis or reasonable treatment does not constitute deliberate indifference. *See Estelle*, 429 U.S. 97, 106-07. Plaintiff has not shown that Defendants in this matter "act[ed] with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991).

In summary, even liberally construing the operating Complaint and taking into account the Response, Plaintiff fails to state a plausible claim against any of the named defendants upon which relief can be granted. Accordingly, the Court will dismiss this action without prejudice.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice for failure to state a claim upon which relief could be granted.

**IT IS SO ORDERED.**

DATED:  This 14th day of February, 2021, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

6