IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TREY LEE SCHULZ,

    **Plaintiff,**

    v.                                                CASE NO. 21-3159-JWL

TRAVIS NICHOLSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brought this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff filed this case on July 9, 2021. On August 17, 2021, the Court dismissed the case because Plaintiff had failed to respond to a notice of deficiency. Plaintiff filed a motion for reconsideration (Doc. 8) on September 2, 2021, which was denied, and a motion to reopen the case (Doc. 11) on September 27, 2021, which was granted. Plaintiff complied with the notice of deficiency on October 21, 2021, by filing his complaint on the court-approved form. The Court entered a Memorandum and Order (Doc. 14) screening Plaintiff's complaint. Plaintiff filed a response, and the Court found that he had failed to show good cause why his complaint should not be dismissed. On February 14, 2022, the Court entered an Order of Dismissal (Doc. 17) dismissing this matter without prejudice.

On January 3, 2023, Plaintiff filed a Motion for Leave to File an Amended Complaint, or in the Alternative, Allowance to Correct the Insufficiencies that Led to Dismissal (Doc. 21). Plaintiff's motion merely asks for the case to be reopened so that he can have another opportunity to state a claim. Plaintiff's motion does not show circumstances warranting reopening this closed case over 10 months after it was dismissed.

Plaintiff's motion to reopen is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Plaintiff has set forth no argument as to why he should receive relief under Fed. R. Civ. P. 60(b). Therefore, the Court denies the request to reopen this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to reopen (Doc. 21) is **denied**. This case remains closed.

**IT IS SO ORDERED**.

**Dated January 5, 2023, in Kansas City, Kansas.**

            **S/ John W. Lungstrum**
            **JOHN W. LUNGSTRUM**
            **UNITED STATES DISTRICT JUDGE**